FILED
98 FEB 10 PM 4:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL LEAVITT,** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 97-N-2063-S |
| **THE WATER WORKS AND SEWER BOARD OF THE CITY OF BIRMINGHAM,** | ] |
| Defendant(s). | ] |

ENTERED
FEB 10 1998

### Memorandum of Opinion

In this action for reverse race discrimination, plaintiff Michael Leavitt ("Leavitt") sues his former employer, The Water Works and Sewer Board of the City of Birmingham ("Water Works") pursuant to the following: (1) the Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"); (2) 42 U.S.C. § 1981 ("§ 1981"); (3) 42 U.S.C. § 1983 ("§ 1983"); and (4) the laws of the State of Alabama. *Complaint* at ¶ 1. Levitt alleges the following: (1) that the Water Works did not promote him, a white male, but instead promoted less qualified African-Americans, because of race; *Id.* at ¶¶ 18-39; (2) that the Water Works retaliated against him for complaining of discriminatory treatment; *Id.* at ¶¶ 40-44; (3) that the Water Works constructively discharged him; *Id.* at ¶¶ 27, 45-48; and (4) that the actions of the Water Works were so egregious as to constitute outage under the laws of the State of Alabama; *Id.* at 49-52.

The case is presently before the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, filed October 2, 1997. The motion is fully



briefed, and the court heard oral argument on the motion on January 29, 1998. Therefore, the motion is ripe for decision, and it is due to be granted in part and denied in part.

**I.      Statement of the Facts.**[1]

The Water Works employed Leavitt beginning September 5, 1979. *Leavitt Affidavit* at ¶ 2. According to the Water Works, Leavitt worked in "labor intensive, non-managerial positions" throughout his tenure at the Water Works. *Lewis Affidavit* at ¶ 4. However, according to Leavitt, he worked in various positions including Construction Inspector. *Leavitt Affidavit* at ¶¶ 4, 17. According to Leavitt, his duties as Construction inspector included supervising contractors, completing estimates, making field drawings, and completing purchase orders and material issue tickets. Id. at ¶ 17.

Leavitt testifies by affidavit[2] in response to the Water Works motion for summary judgment that, while he worked at the Water Works, he was passed over for promotion on numerous occasions. *Leavitt Affidavit* at ¶¶ 3-9. Leavitt cites the promotion of Donald Jones, Gary Madison, Randy Townes, Phillip Freeman and Bruce Adams as instances when his employer allegedly awarded a promotion to a less qualified black person. *Id.* at ¶¶ 4-8. Leavitt testifies that, in 1995, when he spoke to his supervisor, Dwight Howell, about one

---

[1] The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. denied*, *USX Corp. v. Cox*, 114 S. Ct. 900 (1995).

[2] The Water Works moved the court to strike Leavitt's affidavit testimony on the following grounds: (1) Leavitt lacks personal knowledge of the matter of which he testifies; (2) Leavitt's testimony would not be admissible as evidence; and (3) Leavitt has failed to show that he is competent to testify to the matters stated in his affidavit. *Defendant's Motion to Strike Plaintiff's Affidavit* at ¶ 2. Leavitt argues that, in order to fully respond to some of the Water Works factual allegations, more discovery is needed, including the deposition testimony of employees of the Water Works.

promotion, Howell told him that "the Board has to approve the promotion and they have a quota that three blacks had to be promoted for each white promoted." *Id.* at ¶ 7.

Leavitt testifies that he learned of the promotion of an allegedly less qualified black, Roosevelt Bell, in August of 1996. *Id.* at ¶¶ 13-14. Leavitt testifies that he learned of the promotion of another allegedly less qualified black, Russell Strickland, in September of 1996. *Id.* at ¶¶ 11-12. Leavitt further testifies that the Water Works did not post or advertise the positions awarded to Bell and Strickland. *Id.* at ¶¶ 11, 13. Otherwise, according to Leavitt, he would have sought those promotions. *Id.*

On September 26, 1996, Leavitt submitted a letter of resignation, stating that his reason for leaving was discrimination against him based on race. *Water Works' Brief* at Exhibit 1. On December 6, 1996, Leavitt filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC"). On May 28, 1997, the EEOC issued to Leavitt a right-to-sue letter, and on August 7, 1997, Leavitt filed this lawsuit.

The Water Works states in its motion for summary judgment that Leavitt's letter of resignation was his first complaint of discrimination. However, Leavitt testifies that he complained to his employer on numerous occasions about discriminatory promotions at the Water Works, beginning in 1992 or 1993. *Leavitt Affidavit* at ¶¶ 4-10.

**II.    Summary judgment Standard.**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party

3

asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The movants can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

4

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 745 n.11(1983). However, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the non-movants is to be believed and

5

all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The non-movant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III.   Discussion.

The Water Works states several grounds for its motion to dismiss, or in the alternative, motion for summary judgment as follows: (1) Leavitt's claims are time barred; (2) Leavitt's complaint exceeds the scope of his EEOC charge; (3) Leavitt can not state a claim against the Water Works under § 1983; (4) Leavitt can not state a prima facie case of retaliation;  (5) Leavitt can not state a prima facie case of constructive discharge; and (6) Leavitt fails to state a prima facie claim of outrage.  Each of these contentions will be considered in turn.

### A.   Statute of Limitations.

The Water Works contends that Leavitt's claims are time barred because he failed to timely file his charge of discrimination with the EEOC.  Title VII provides that a charge "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e).  The 180-day period "begins to run from the time that the complainant knows or reasonably should know that the challenged act has occurred." *Stafford v. Muskogee Co. Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir. 1982). Where a complainant has failed to file a charge of discrimination during the statutory period, the action is due to be dismissed as untimely. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 662 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994).

In this case, Leavitt filed his charge of discrimination with the EEOC on December 6, 1996, creating the 180-day limitations period beginning on June 9, 1996. Leavitt testified that he learned that the Water Works failed to promote him rather than an allegedly less qualified black, Roosevelt Bell, in August of 1996, and that he learned that the Water Works failed to promote him rather than another allegedly less qualified black, Russell Strickland, in September of 1996. Leavitt argues that he could not reasonably know of these actions by the Water Works sooner because it allegedly did not post or advertise the positions awarded to Bell and Strickland. Therefore, Leavitt has created a factual dispute over whether his claims for failure to promote to these two positions are time barred under Title VII.

Furthermore, Leavitt alleges that he suffered illegal retaliation and constructive discharge in violation of Title VII. Just like his failure to promote claim, these claims are not time barred to the extent that they arise out of events which occurred after June 9, 1996, or to the extent that they arise out of events of which Leavitt did not know about or reasonably could not have known about before June 9, 1996.

The Water Works also contends that Leavitt's claims under § 1981 and § 1983 are time barred. Section 1981 and § 1983 do not contain an explicit time limitation as in Title VII. However, courts have adopted the statute of limitations from relevant state law, which in Alabama is two years. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (applying two-year Alabama statute of limitations to § 1983 claim); *Goodman v. Lukens Steele Co.*, 107 S. Ct. 2617, 2621 (1985) (same statute of limitations applies to both § 1983 and § 1981). As with Title VII, the limitations period for § 1981 "commences when the

plaintiff knows or reasonably should know that the discriminatory act has occurred." *Stafford*, 688 F.2d at 1390 (quoting *McWilliams v. Escambia County Sch. Bd.*, 658 F.2d 326, 330 (5th Cir. 1981)). Leavitt filed this lawsuit on August 7, 1997; thus, he may rely upon events that occurred on or after August 7, 1995, or he may rely upon events that he did not know about and reasonably could not have known about before August 7, 1995. Therefore, Leavitt has also created a factual dispute over whether his claims are time barred under § 1981 and § 1983.[3]

### B.     Failure to Satisfy Administrative Prerequisites.

The Water Works contends that some of Leavitt's claims are procedurally barred because the complaint in this action alleges facts not contained in Leavitt's charge of discrimination submitted to the EEOC. A Title VII plaintiff can not bring claims that would not "reasonably be expected to grow out of the charge of discrimination." *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir. 1986). The logic of this rule is explained by the Eleventh Circuit as follows:

> A charge of discrimination is not filed as a preliminary to a lawsuit. On the contrary, the purpose of a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. Once a charge has been filed, the Commission carries out its investigatory function and attempts to obtain voluntary compliance with the law. Only if the EEOC fails to achieve voluntary compliance will the matter ever become the subject of court action. Thus it is obvious that the civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the investigation. Within this statutory scheme, it is only

---

[3] The Water Works does not contend that Leavitt's claim of outrage is time barred. Furthermore, as discussed in Section III.F *infra*, Leavitt's claim of outrage is due to be dismissed on its merits. Therefore, the court need not and does not address Leavitt's claim of outrage with respect to the applicable statute of limitations.

8

> logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.
>
> A more exacting rule would be destructive of the logic of the statutory scheme, for it would impede the ability of the Commission to effect voluntary compliance. If an alleged discriminator knew that a particular issue which was the subject of EEOC conciliation efforts could never be the subject of a civil action, his incentive toward voluntary compliance would be lessened.

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

In this case, Leavitt's charge of discrimination alleges that the Water Works unlawfully failed to promote him to "the positions of Meter Shop Supervisor and Flushing Coordinator which were filled in August 1996." Leavitt's charge of discrimination also states, "Over the past several years I have been passed over for promotion to positions for which I was qualified and have supervised less qualified persons who were awarded the positions." To the extent that Leavitt can prove that these events occurred within the limitations period or that he reasonably became aware of these events within the limitations period, he is not procedurally barred from bringing these claims to this court. Therefore, Leavitt's claim for discrimination in promotion may not be dismissed for failure to comply with the administrative prerequisites of Title VII.

Likewise, Leavitt's charge of discrimination states, "I felt compelled to resign my position of Construction Inspector . . . rather than continue to endure what I believed to be unbearable working conditions." Therefore, Leavitt's charge of discrimination also properly states a claim for constructive discharge, and that claim is not procedurally barred

for failure to fulfill the administrative prerequisites of Title VII. Leavitt's claim for constructive discharge is discussed in Section III.E *infra*.

On the other hand, Leavitt's charge of discrimination makes no mention of and does not suggest a retaliation claim. Therefore, for any claim of retaliation based upon events prior to the time Leavitt filed his charge of discrimination is procedurally barred. Any claim that Leavitt may have for retaliation based upon events that occurred after he filed his charge of discrimination is addressed in Section III.D *infra*.

### C.   Claims under § 1983.

The Water Works contends that Leavitt's claims under § 1983[4] are due to be dismissed because Leavitt does not allege any state action or action under color of state law in this lawsuit.[5] Section 1983 claims require allegations of involvement by state officials or by private individuals acting pursuant to state law. *Luger v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Motes v. Myers*, 810 F.2d 1055 (11th Cir. 1987), *reh'g denied*, 837 F.2d 1095 (1988).

---

[4] Section 1983 states, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[5] The Water Works also contends that § 1983 is unavailable to this plaintiff because Title VII creates a comprehensive remedy and because plaintiffs are not allowed to bypass the administrative scheme of Title VII by disguising their claims as arising under § 1983. The court does not reach this argument because Leavitt's § 1983 claims are due to be dismissed on alternative grounds.

10

In this case, Leavitt does not and can not state a claim under § 1983 because the factual allegations in this lawsuit do not implicate state action or any private individuals acting pursuant to state law. Furthermore, Leavitt, in his brief to the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, admits that his § 1983 claims should be dismissed.

Accordingly, Leavitt's claims under § 1983 are due to be dismissed.

### D.  Claim of Retaliation.

Title VII protects employees from retaliation by their employer for making a complaint of discrimination.[8] 42 U.S.C. 2000e-3(a). In order to make out a prima facie case of retaliation, Leavitt must show (1) that he engaged in statutorily protected expression, (2) that the Water Works took an adverse employment action against him, and (3) that there was a causal link between the protected expression and the adverse action. *Lindsey v. Mississippi Research and Dev. Ctr.*, 652 F.2d 488, 491 (5th Cir. 1981).

As discussed in Section III.B *supra*, Leavitt can not maintain a claim for retaliation arising out of events occurring prior to filing his charge of discrimination with the EEOC. Any such claims are procedurally barred for failure to satisfy the administrative prerequisites. Also, Leavitt can not maintain a claim for retaliation arising out of events occurring after he filed his charge of discrimination because the undisputed facts show that

---

[8] The retaliation provision of Title VII states:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. 2000e-3(a).

Leavitt's employment terminated before he filed his charge of discrimination. Leavitt does not allege any set of facts upon which he can maintain a claim of retaliation by his employer after his employment ended. Finally, Leavitt, in his brief to the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, admits that his retaliation claim should be dismissed.

Accordingly, Leavitt's claim for retaliation is due to be dismissed.

### E.    Claim of Constructive Discharge.

The Water Works contends that Leavitt's claims for constructive discharge are due to be dismissed because Leavitt voluntarily chose to leave his employment without seeking redress of his complaints through the Water Works Equal Opportunity/Employee Liaison or other management at the Water Works. In order to prove a constructive discharge claim, Leavitt must "demonstrate that the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1363 (11th Cir. 1994); *see also Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 (11th Cir. 1988). In the context of a disparate treatment claim with respect to pay, the former Fifth Circuit explained:

> Title VII itself accords legal protection to employees who oppose unlawful discrimination. 42 U.S.C. § 2000e-3(a). Moreover, we believe that society and the policies underlying Title VII will be best served if, wherever possible, unlawful discrimination is attacked within the context of existing employment relationships. Certainly unlawful discrimination in the form of unequal pay is relevant in any determination of whether constructive discharge has occurred ... We think that unequal pay alone does not constitute such an aggravated situation that a reasonable employee would be forced to resign. Unequal pay is not a sufficient justification to relieve [the complainant] of her duty to mitigate damages by remaining on the job. *See Alicea Rosado supra*, 562 F.2d at 119.

*Bourque v. Powell Elec. Mfg. Co.*, 617 F.2d 61, 66 (5th Cir. 1980) (footnotes omitted).

In this case, Leavitt alleges no facts to support a claim that conditions in his workplace were so intolerable that a reasonable person would feel compelled to resign. Although Leavitt testifies that he complained about the alleged discriminatory promotion practices at the Water Works, he did not seek to redress his grievance through the EEOC until after he terminated his employment. Finally, Leavitt, in his brief to the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, admits that his constructive discharge claim should be dismissed.

Accordingly, Leavitt's claim for constructive discharge is due to be dismissed.

### F.    Claim of Outrage.

The Water Works contends that Leavitt's claim under the tort of outrage, pursuant to the laws of the State of Alabama, are due to be dismissed, stating that it is "patently frivolous." The tort of outrage was first defined by the Alabama Supreme Court in *American Road Service Co. v. Inmon*, 394 So. 2d 361 (Ala. 1980). The court stated, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress." *Id.* at 365. The court emphasized that the tort was reserved for "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* Because the cause of action is available only in the most egregious circumstances, very few cases present a question for the jury. *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993). A determination as to

whether conduct is sufficiently objectionable to support a cause of action for outrage may be made by the trial court as a matter of law. *Logan v. Sears, Roebuck & Co.*, 466 So. 2d 121, 123 (Ala. 1985).

None of the conduct complained of in this action satisfies this stringent standard. Furthermore, Leavitt, in his brief to the court on defendant's motion to dismiss, or in the alternative, motion for summary judgment, admits that his outrage claim should be dismissed.

Accordingly, Leavitt's claim for outrage is due to be dismissed.

## IV. Conclusion.

In summary, Leavitt has failed to state a claim or to allege facts sufficient to support a claim under § 1983 and his claims for constructive discharge, retaliation, and outrage. These claims are due to be dismissed. Therefore, Leavitt's only remaining claim is for failure to promote, pursuant to Title VII and § 1981. However, Leavitt's claims for failure to promote pursuant to Title VII are limited to those arising from any events that occurred after June 9, 1996. Leavitt's claims for failure to promote pursuant to § 1981 are limited to those arising from any events that occurred after August 7, 1995.

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 10th of February, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE